# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JAMES SINGLETON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CV407-172 |
| | ) |
| STEVE UPTON, Warden, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

James Singleton, a Georgia state prisoner currently incarcerated at Georgia State Prison in Reidsville, Georgia, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) In his petition, he challenges the state court's acceptance of his guilty plea, and he claims that his counsel was ineffective. (Id. Attach. at 3-9.) The respondent disputes Singleton's allegations and has moved the Court to dismiss the petition as being untimely filed. (Doc. 7.) For the reasons explained below, the petition should be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 23, 1992, petitioner pleaded guilty to charges of felony murder, aggravated assault, and two counts of criminal damage to property. (Doc. 8 at 1.) The trial court accepted the plea, and petitioner was sentenced to life imprisonment for the murder conviction, two consecutive five-year sentences for the criminal damage convictions, and a consecutive twenty-year sentence for the assault conviction. (Id.) Petitioner did not appeal. (Doc. 1 at 4.) He filed a petition for a writ of habeas corpus in state court on December 6, 2005. (Doc. 8 at 1.) That petition was denied on June 14, 2006. (Doc. 1 at 4.)

## II. LEGAL ANALYSIS

Federal habeas corpus petitions filed by state prisoners generally must be filed with in the one-year limitations period under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). For prisoners whose state convictions became final prior to the effective date of AEDPA, however, the Eleventh Circuit has held that the one-year statute of limitations began to run on the date

AEDPA went into effect. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998). Thus, prisoners whose state convictions occurred prior to April 24, 1996, which is the effective date of AEDPA, must have filed a federal habeas corpus petition prior to April 24, 1997 to avoid having the petition barred by the one-year statute of limitations. United States v. Moore, 344 F.3d 1313, 1320 (11th Cir. 2003).

The one-year statute of limitations set forth in § 2244 is tolled when a state prisoner properly files an application for post-conviction or collateral review with the state. 28 U.S.C. § 2244(d)(2); see Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). However, a state habeas petition filed after the one-year AEDPA statute of limitations expires cannot toll the statute of limitations because there is no time left to toll. See Webster v. Moore, 199 F.3d 1256 (11th Cir. 2000) (state prisoner arguing that new state law allowing habeas petition tolls statute of limitations dismissed because state habeas petition must be "pending" in order to toll). Petitioner's state conviction became final before April 24, 1996, when the time period for petitioner to seek a direct

appeal of his sentence expired.[1] The conviction became final prior to the effective date of the AEDPA, so the statute of limitations for a § 2254 habeas corpus petition began to run on April 24, 1996 and ended April 24, 1997. Since the entire one-year limitations period had elapsed before petitioner filed his state habeas action on December 6, 2005, the tolling provision never came into play. This petition is clearly untimely.

## III. CONCLUSION

For all of the above reasons, respondent's motion to dismiss this § 2254 petition as untimely should be **GRANTED**, and the petition should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 22nd day of January, 2008.

*/s/*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] O.C.G.A. § 5-6-38 allows thirty days after the entry of judgment for an appeal. As petitioner's judgment was entered November 23, 1992, he had until December 23, 1992 to file an appeal.